47 CCPA

## CLUETT, PEABODY & CO., Inc.
### v.
## SAVATUX FACING COMPANY.
### Patent Appeal No. 6494.

United States Court of Customs and Patent Appeals.

May 3, 1960.

Dudley B. Smith, New York City, (Harold Edward Foerch, Jr., New York City, of counsel), for appellant.

Arthur H. Seidel, Philadelphia, Pa., for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and WILLIAM H. KIRKPATRICK, Judge.*

SMITH, Judge.

This appeal is from the decision of the Assistant Commissioner of Patents (118 U.S.P.Q. 236), reversing the decision of the Examiner of Interferences and dismissing an opposition by appellant to appellee's application for registration of "Prom Plaid" as a trademark for men's dinner jackets. The opposition was based on appellant's ownership of registration No. 386,227 for "Prom"

---

* United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* O'Connell, pursuant to provisions of Section 294(d), Title 28 U.S.C.

as a trademark for collars, and on use by appellant of that mark on wing collars intended for formal wear. No question is raised as to appellant's priority.

In reversing the decision of the Examiner of Interferences the Assistant Commissioner held that "in view of the manner of use of 'Prom' by opposer and of the highly suggestive nature of the word when used on dinner jackets and winged collars, it is concluded that purchaser confusion of the type contemplated by the statute is highly improbable."

The single issue here is: Does appellee's mark when applied to its goods so resemble appellant's mark that there is a likelihood of purchaser confusion within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d)?

The goods of the parties are generally similar in nature, both being articles of men's wearing apparel, but this fact is not alone a sufficient basis for sustaining an opposition. We must compare the marks in their entireties as to appearance, sound and meaning.

The word "prom," a contraction of the word "promenade," refers to a ball or dance, usually given by a particular group or class of students at a college, high school, etc. Used on articles of wearing apparel as a trademark, the word "Prom" is suggestive of the intended use of the goods at a "prom."

When the word "Prom" is combined with the word "Plaid" [1] as in appellee's mark, the combined words suggest an article made of plaid for use at a prom and as such may be both descriptive of such articles, and suggestive of their use.

We find, therefore, that the marks "Prom" and "Prom Plaid" have in common only the suggestive word "prom" which is not a sufficient basis for sustaining the opposition. The marks, taken in their entireties neither look nor

sound alike nor do they convey the same meaning to a purchaser. For the foregoing reasons, we *affirm* the decision of the Assistant Commissioner of Patents.

Affirmed.

WORLEY, Chief Judge, did not participate in the decision.

---

[1]. As pointed out in appellant's brief:

   The term Plaid is a word of art and a generic term in the textile industry meaning, as stated in Webster's New International Dictionary, Second Edition, Unabridged, (1956) " * * * any fabric with a woven or printed design imitating a tartan pattern or similarly cross-barred; as, a stock of Scottish plaids."