47 CCPA

**CLAYTON MARK & COMPANY,**
Appellant,

v.

**KEYSTONE BRASS AND RUBBER CO.,**
Appellee.

Patent Appeal No. 6521.

United States Court of Customs
and Patent Appeals.
June 14, 1960.

280

Wm. Marshall Lee, Byron, Hume, Groen & Clement, Chicago, Ill. (Gerrit P. Groen, Chicago, Ill., of counsel), for appellant.

Louis Necho, Philadelphia, Pa., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge FRANCIS L. VAN DUSEN.[1]

SMITH, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board of the United States Patent Office, 119 USPQ 265, dismissing an opposition by appellant to appellee's application for registration of "Sumark" as a trademark for nozzles, connections, menders, and specialties for garden hose; connections and faucet attachments for rubber hose; aerators, handles and washers for faucets; strainers and stoppers for tubs, sinks and basins, including rubber strainers; curtain pins; seat bumpers and tank coils for toilets; and washer packing. The opposition was based on appellant's ownership of Registration No. 419,256 for "Mark" as a trademark for unions for connecting pipes or rods; and Registration No. 160,916 for "Mark" as a trademark for cup leathers; and on the use of "Mark" as a trademark on various plumbing supplies and similar articles.

It is not disputed that appellant's use of "Mark" antedates appellee's use of "Sumark" and the issue here, therefore, is whether those marks are so similar that their concurrent use on the goods of the respective parties would be likely to cause confusion within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

The board found that the goods are so related that they might be expected to emanate from a single source, but that the differences between the marks are such that "there is no reasonable likelihood of confusion or mistake of purchasers."

Appellee disputes the board's holding as to the nature of the goods, but we find it unnecessary to consider that matter since we agree with the board that the differences between the marks are such as to avoid likelihood of confusion, even on similar goods.

The record shows that appellant, Clayton Mark & Company, has made and sold articles of the class here involved for a long time and on an extensive scale. The word "Mark" is a part of appellant's firm name, and is commonly used as a part of that name or in association therewith, although it appears that it is sometimes used alone. Under these circumstances it is probable that it would ordinarily be recognized as a surname.

On the other hand "Sumark" clearly appears to be a coined word. Appellee asserts that it is an abbreviation of "Super Market," but whether or not it was recognized as such an abbreviation, it is not at all likely that it would be regarded as a surname. The meaning of "Sumark" is thus quite distinct from that of "Mark" and the two are also quite

1. United States District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge*

*O'CONNELL*, pursuant to provisions of Section 292(d), Title 28 United States Code.

different in appearance and in sound, especially since "Sumark" would normally be accented on the first syllable.

It is true, as appellant points out, that "Sumark" includes "Mark" in its entirety, and that it has frequently been held that the mark of one party cannot be appropriated by another merely by adding to it some inconsequential word or syllable. In such cases, however, the added matter has usually been of a descriptive or suggestive nature so that its addition does not substantially alter the character of the mark. Where the added matter is not of that nature there may be no likelihood of confusion even though one mark is entirely included within the other. Cluett, Peabody & Co., Inc. v. Savatux Facing Company, Cust. & Pat. App., 277 F.2d 944.

In our opinion the differences between the marks here involved are such as to outweigh their similarities and we agree with the board that their concurrent use on the goods of the respective parties would not be likely to result in confusion.

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.